UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH CILLUFFO,<br><br>  Plaintiff.<br><br>  v.<br><br>OSCAR VEGA,<br><br>  Defendant. | Case No.17-cv-00310-SK<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Thomas Joseph Cilluffo, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in Napa County, which is in this district, so venue is proper here. See 28 U.S.C. § 2241(d).  Petitioner has paid the filing fee.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Napa.  On February 26, 2015, he was sentenced to 3 years of felony probation. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, which affirmed the decision in 2015, and the Supreme Court of California, which denied review of a petition in 2016.

**DISCUSSION**

A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not

<mark>
<mark>
</mark>
</mark>

entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the claim that the trial court gave two special instructions proffered by the prosecutor, which shifted the burden of proof to Petitioner in order to prove that he was not guilty. Specifically, the jury was instructed that in order to assert a citizen's arrest, it was incumbent upon Petitioner to prove beyond a reasonable doubt that the party subject to arrest was guilty of all of the elements in the instruction of assault with a deadly weapon. Petitioner asserts this was a violation of the Due Process Clause of the Fourteenth Amendment and that such directions "subvert the presumption of innocence accorded to accused persons" and "invades the truthfinding task assigned solely to juries." *Carella v. California,* 491 U.S. 263, 265 (1989). Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

//

1  **IT IS SO ORDERED.**

2  Dated:

_____
SALLIE KIM
United States Magistrate Judge